<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

October 18, 2021

David Isaac Way
100 Montgomery Street
Apt. 7A
Jersey City, NJ 07302
*Pro Se Defendant*

Edeli Rivera, Esq.
United States Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102
*Counsel for United States of America*

## <u>LETTER OPINION FILED WITH THE CLERK OF THE COURT</u>

**Re:**  *United States v. David Isaac Way*
       **Crim. No. 21-623 (SDW)**

Litigants:

Before this Court is Defendant David Isaac Way's Motion for Early Termination of Supervised Release. (D.E. 3.) This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's Motion.

## **<u>DISCUSSION</u>**

A.

On July 11, 2007, Defendant pleaded guilty to one count of conspiracy to distribute five grams or more of a mixture and substance containing cocaine base in violation of 18 U.S.C. § 846. (Presentence Investigation Report ("PSR") at 4.) On October 22, 2007, the Honorable Robert E. Payne, a Senior United States District Judge for the Eastern District of Virginia, sentenced Defendant to 188 months' imprisonment and four years' supervised release. (Edeli Rivera, October 15, 2021 Letter ("Gov't Letter") at 1; *see also* Elisa Martinez, September 29, 2021 United States Probation Office Letter ("Probation Letter") at 1; *United States v. Way*, Crim. No. 07-164 (E.D. Va. 2007).)

On June 13, 2021, Defendant moved for early termination of supervised release before Judge Payne, who denied the motion, finding that because Defendant "only served one-half of the imposed period of supervised release and given his criminal history, it would be best if [Defendant] served the full four (4) years of supervised release imposed." (Probation Letter at 1.) On or about August 16, 2021, jurisdiction over Defendant's supervised release was transferred to the District of New Jersey. (D.E. 1.) On September 17, 2021, Defendant again moved for early termination of supervised release, stating that he has completed a required drug program, has been consistently employed since his release, is taking college courses towards an associate degree, and has supported both of his daughters with whom he maintains close ties. (D.E. 3.) On September 29, 2021, the United States Probation Office filed a letter stating that Defendant does not meet the minimum statutory requirement for early termination of supervision because he is a Career Offender pursuant to 28 U.S.C. § 994(h). (Probation Letter at 2.) On October 15, 2021, the Government also opposed Defendant's motion, arguing that the "severity of [Defendant's] conduct, his history and characteristics, and the interest of justice," merit the remaining term of supervision. (Gov't Letter at 5.)

B.

Pursuant to 18 U.S.C. § 3583(e), a defendant may request early termination of a term of supervised release. *See United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). Prior to such a request, according to the Guide to Judiciary Policy, Vol. 8, Ch. 3, Section 360.20(c), the defendant must first satisfy the following minimum statutory factors:

(1) The person does not meet the criteria of a career drug offender or career criminal as described in 28 U.S.C. § 994(h) or has not committed a sex offense or engaged in terrorism; (2) The person presents no identified risk of harm to the public or victims; (3) The person is free from any court-reported violations over a 12-month period; (4) The person demonstrates the ability to lawfully self-manage beyond the period of supervision; (5) The person is in substantial compliance with all conditions of supervision; and (6) The person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

If the defendant meets these minimum statutory factors, a district court must next consider the Section 3553 sentencing factors, which include:

(1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Davies*, 746 F. App'x 86, 88-89 (3d Cir. 2018) (citing 18 U.S.C. § 3553(a)). However, the court need not "make specific findings of fact with respect to each of these factors." *Melvin*, 978 F.3d at 52-53. Instead, "a statement that [the district court] has considered the statutory factors is sufficient." *Id.* at 53 (internal quotation marks and citation omitted). Once the court has considered the Section 3553 factors, it may grant early termination if it finds that such relief is "warranted by the defendant's conduct and is in the interest of justice." *Id*. at 52 (citing 18 U.S.C. § 3583(e)(1)).

C.

There is no basis upon which this Court may grant Defendant's motion. As an initial matter, Defendant is a career criminal as described in 28 U.S.C. § 994(h), with prior convictions for robbery and narcotics offenses and is, therefore, ineligible for early termination of his supervised release. (PSR ¶ 31.) This alone precludes his application. *See* Guide to Judiciary Policy, Vol. 8, Ch. 3, Section 360.20(c). Additionally, Judge Payne has already denied Defendant's prior request, and Defendant points to no change in circumstances that would warrant a different outcome now. Even if this were not the case, the applicable sentencing factors weigh against granting Defendant's request for early termination of supervision. Defendant's criminal history is significant, and continued supervision will both provide deterrence to future criminal conduct and provide him with ongoing support to continue the positive steps he has taken to avoid re-incarceration. Defendant also fails to meet his burden of offering this Court a justification for terminating his supervision early. *See United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006). On July 28, 2021, Defendant was placed on a low-intensity case load. (Probation Letter at 1.) Given the minimal burden of complying with the terms of his supervised release, Defendant has failed to justify why the interests of justice support waiving the remaining term of oversight. Finally, granting early termination would create an "unwarranted sentence disparit[y] among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(5); *Kimbrough v. United States*, 552 U.S. 85, 107 (2007) (noting that "uniformity remains an important goal of sentencing"). Therefore, this Court will deny Defendant's motion for early termination of supervised release.

**<u>CONCLUSION</u>**

For the foregoing reasons, Defendant's Motion is **DENIED**. An appropriate order follows.

                                                              /s/ Susan D. Wigenton
                                               **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties